UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC PRIDEMORE,
an individual,                                                           Hon. _____

       Plaintiff,                                              Case No. 21-cv-_____

v

LANDSCAPE FORMS, INC. ,
a corporation,

       Defendant.

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Avenue,  Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## **COMPLAINT**

The plaintiff  Eric Pridemore, by and through his attorney William F. Piper, PLC, for his Complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1. The plaintiff is an individual who resides in the County of Calhoun, State of Michigan, and he resided therein at all times relevant to this Complaint.

2. The Defendant Landscape Forms, Inc., is a corporation that did business in the County of Kalamazoo, State of Michigan, at all times relevant to this Complaint.

3. The defendant was required to abide by the requirements of the Family and Medical Leave Act (hereafter FMLA), 29 USC § 2601 et. seq., the Emergency Family and Medical Leave Expansion Act, which is also incorporated into the FMLA, and the Emergency Paid Sick

Leave Act, which was incorporated into the Minimum Wage section of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., at all time relevant to this complaint. The claims in this lawsuit arise in part under those laws.

4. This matter arises out of the plaintiff Mr. Pridemore's employment by the defendant and its termination of that employment by it on November 9, 2020 in violation of the laws set forth above and state laws.

5. Claims in this lawsuit arises under the court's supplemental jurisdiction to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

6. This court has jurisdiction under 28 USC § 1331.

7. Mr. Pridemore worked 1,250 hours for the defendant in the year before his termination.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this Complaint.

9. The plaintiff began working for the defendant in July 2017.

10. The defendant later moved Mr. Pridemore to assembly.

11. At all times that he worked for the defendant Mr. Pridemore did a good job for it.

12. In early June 2020 Mr. Pridemore took intermittent Family and Medical Leave and intermittent Emergency Family and Medical Leave because of Covid-19 lockdown issues that affected his day care provider.

13. On October 12, 2020 Mr. Pridemore's wife had Covid-19 symptoms.

14. Mr. Pridemore called the defendant, told it that his wife had Covid-19 symptoms and asked it if he should report to work.

15. The defendant told him to come in to work if he didn't have symptoms.

16. On October 13, 2020 Mr. Pridemore's wife was diagnosed with Covid-19.

17. Later on October 13, 2020 Mr. Pridemore began feeling sick with Covid-19 symptoms, and

he called the human resource department of the defendant.

18. Mr. Pridemore then, with the permission of the defendant's human resource department, took the day and the following two days off.

19. Mr. Pridemore took a Covid-19 test on October 15, 2020.

20. On October 16, 2020 Mr. Pridemore received a positive test result for Covid-19, and he informed the defendant about it.

21. Mr. Pridemore consulted with the Health Department, and it told him that he needed to quarantine at home for an additional 10 days.

22. Mr. Pridemore told the defendant about what the Health Department had said and asked for a leave because of his Covid-19 diagnosis.

23. The following week the Health Department told Mr. Pridemore that he could not take his 9-month-old daughter to day care because of the risk of exposing other children to Covid-19.

24. Mr. Pridemore told the defendant's human resource department on around October 20 that he would have to quarantine at home with his daughter during that time because his wife had a salaried job, and there was no one else to watch his daughter.

25. The woman in the human resource department told Mr. Pridemore that he had qualified for the leave, including under the newly passed emergency Covid-19 laws, including receiving paid leave.

26. Mr. Pridemore, after his approved leave, went back to work on November 9, 2020.

27. The defendant, in retaliation against him because of the Covid-19 related leaves set forth above, terminated his employment by it on November 9, 2020.

28. As a result of the defendant's termination of his employment by it Mr. Pridemore has

3

suffered and will continue to suffer as loss of income and benefits, emotional distress, a loss of enjoyment of life, and other consequential damages.

## COUNT I- FMLA VIOLATIONS

29. The plaintiff Eric Pridemore restates and realleges as though fully set forth herein paragraphs 1-28 of this Complaint.

30. The defendant, as explained in detail above, interfered with, restrained and denied Mr. Pridemore's exercise and attempted exercise of his rights under the FMLA and the Emergency Family and Medical Leave Expansion Act, which is incorporated as part of the FMLA, by not allowing him to return to his job at the conclusion of his Covid-19 related leave on November 9, 2020, and by terminating his employment by it on that day, resulting in Mr. Pridemore's damages and continuing damages.

31. The defendant also discriminated against and retaliated against Mr. Pridemore because of his exercise of those rights referenced in this claim by terminating his employment by it.

32. The defendant's violations as set forth above were committed in bad faith and without any reasonable grounds for believing that they were lawful.

33. These claims are actionable under the Family and Medical Leave Act, 29 USC § 2601 et. seq.

**WHEREFORE**, the plaintiff Mr. Pridemore requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to him by reason of the defendant's violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other

compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

## COUNT II- FLSA VIOLATIONS

34. The plaintiff Eric Pridemore restates and realleges as though fully set forth herein paragraphs 1-33 of this Complaint.

35. The defendant terminated Mr. Pridemore in retaliation against him because he had exercised his right to take paid leave under the Emergency Paid Sick Leave Act, which is enforced through the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

36. As a result of the violations set forth above, Mr. Pridemore has suffered and will continue to suffer the damages set forth above.

37. This claim is actionable under the aforementioned Fair Labor Standards Act.

38. As a result of the defendant's violation of the law as set forth above, Mr. Pridemore has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff Mr. Pridemore requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to him by reason of the defendant's violations of the FLSA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

## COUNT III- VIOLATION OF COVID-19 EMPLOYMENT RIGHTS

39. The plaintiff Eric Pridemore restates and realleges as though fully set forth herein paragraphs 1-38 of this Complaint.

40. The defendant terminated the Mr. Pridemore in retaliation against him because he was qualified under and complied with the requirements of Section 8 of the Covid-19 Employment Rights Act.

41. This lawsuit is actionable under the Act, which is found at MCL 419.401 et seq.

42. As a result of the defendant's violation of the Act, Mr. Pridemore has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff Mr. Pridemore requests a judgment against the defendant to compensate him for his loss of income and benefits past and future, for his loss of bonuses past and future, and for his intangible damages past and future, of not less than $5,000.00, plus interest and costs.

Date:   March 19, 2021                                                        WILLIAM F. PIPER, PLC


                                                                By:   /s/ William F. Piper_____

                                                                      William F. Piper (P38636)
                                                                      Attorney for Plaintiff